IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL GARCÍA TORRES,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 05-1158 (SEC)
(CRIMINAL 97-0082 (SEC))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 filed by Manuel García-Torres ("petitioner") on January 30, 2005. (Docket No. 1.)

On December 17, 1997, a grand jury sitting in the District of Puerto Rico returned a superceding indictment charging that from mid-1994 to mid-1997, seventy-nine individual defendants, including petitioner, participated in a conspiracy to knowingly and intentionally possess with the intent to distribute cocaine, heroin and marijuana (Count I) in violation of 21 U.S.C. §§ 841(a)(1), 846. The indictment also charged twenty-nine of the defendants, including petitioner, with knowingly participating in a conspiracy which involved the laundering of monetary instruments (Count II) in violation of 18 U.S.C. § 1956(a), (h) (the defendants were part of the notorious Ángela Ayala Martínez gang). Following a forty-day jury trial beginning on October 6, 1998, petitioner was found guilty on

CIVIL 05-1158 (SEC)                                    2
(CRIMINAL 97-0082 (SEC))

Counts I and II. On December 19, 2001, petitioner was sentenced to twenty years imprisonment for each of both counts, to be served consecutively. The conviction was affirmed on appeal. See United States v. García-Torres, 341 F.3d 61 (1st Cir. 2003), cert. denied, 540 U.S. 1202 (2004).

## DISCUSSION

Petitioner raises three grounds for relief. Petitioner first claims that the district court erred in failing to issue a special verdict as to the type and quantity of drugs for which he was convicted. Second, petitioner asserts that the court erred in sentencing him according to the rule established in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, reh'g denied, 125 S. Ct. 21 (2004). Last, petitioner argues that the district court erred in failing to make specific findings as to the amount of drugs attributable to him.

Petitioner bases his section 2255 motion on the rule set out in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi the court announced that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. at 490.

Apprendi, however, was decided after petitioner had been convicted by the trial court. It has been clearly established that Apprendi does not apply retroactively to cases on collateral review. See Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); Sepúlveda v. United States, 330 F.3d 55, 63 (1st Cir.

CIVIL 05-1158 (SEC)                                            3
(CRIMINAL 97-0082 (SEC))

2003).  However, in <u>Derman v. United States</u>, 298 F.3d 34, 42 (1st Cir. 2002), the court found that in cases where a petitioner can still file a petition for a writ of certiorari the conviction is not "final" and <u>Apprendi</u> is applicable. Nonetheless, the court clarified that in cases where an issue is first raised in a collateral attack, <u>Apprendi</u> can only apply if a petitioner has preserved the point for collateral attack by advancing a timely objection to a potential constitutional infirmity by either objecting to jury instructions or raising the issue on direct appeal. <u>Id.</u> at 44. If petitioner has failed to make a timely objection, then he must provide a cause for the failure or show prejudice resulting from the error. <u>Id.</u>

  Petitioner raises these claims for the first time in this collateral attack, long after his sentence became final.  Petitioner could not have objected to the jury instructions or verdict form at trial because <u>Apprendi</u> had yet to be decided. Petitioner could have raised these issues on direct appeal but failed to do so.  As the government asserts, petitioner has failed to establish both "cause" for his failure as well as "actual prejudice" resulting from the trial errors of which he complains. (Docket No. 7, Gov't Resp., at 11,¶ 1.)

  In one sentence in his reply to the Government's Response, the petitioner asserts that the cause of this failure, and the reason why these claims are being raised, is ineffective assistance of counsel.  (Docket No. 9, Pet'r Reply to Resp., at 2, ¶ 1.)  Petitioner apparently cites <u>Massaro v. United States</u>, 538 U.S. 500, 502-06 (2003), for the proposition that a claim of ineffective assistance of counsel may be

CIVIL 05-1158 (SEC)                                 4
(CRIMINAL 97-0082 (SEC))

raised in a collateral proceeding, without needing to show "cause" and "prejudice," even though the claim was not raised on direct appeal. However, petitioner has not presented any argument or evidence to meet the burden necessary to prove ineffective assistance of counsel. First, petitioner's claims were not of ineffective assistance of counsel, but that the district court generally erred in his sentencing. Second, even if petitioner properly claimed ineffective assistance of counsel, the benchmark for such a claim is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Petitioner has neither made such a claim, nor provided any evidence to support a finding that the functioning of the adversarial process was undermined.

Petitioner did make a timely objection to the jury instructions regarding the money laundering violation. United States v. García-Torres, 341 F.3d at 65. However, that objection was in regard to the wording of the jury instructions being in the conjunctive, instead of the disjunctive as required by the statute for the jury to find him guilty. Id. Petitioner's objection in this motion is that the jury was not instructed to find petitioner's role in the money laundering part of the conspiracy beyond a reasonable doubt. (Docket No. 1, Attach. 1, Pet'r Mem. of Law, at 9-11.) In other words, petitioner did not object to the district court's error regarding this part of his sentencing and failed to present a cause for the failure or prejudice resulting from the error. Again, petitioner could not have objected to the jury

CIVIL 05-1158 (SEC)                                            5
(CRIMINAL 97-0082 (SEC))

instructions because <u>Apprendi</u> had yet to be decided. However, he could have brought the issue up on direct appeal but failed to do so.

Therefore, petitioner has effectively waived these claims. He not only failed to advance a timely objection to the district court's alleged errors but also failed to show cause for his failure to object or prejudice resulting from the court's alleged error.

1. Special Verdict on the Question of Type and Quantity of Drugs

Petitioner claims the court erred in not issuing a special verdict specifying the type and quantity of drugs (cocaine, heroin or marijuana) for which he was being convicted. Petitioner contends that because cocaine, heroin and marijuana carry vastly different penalties and the jury was not instructed to deliver a special verdict as to the quantities and type of controlled substance he was conspiring to possess and distribute, his sentence should be vacated and remanded. I disagree.

Title 21 U.S.C. § 846 makes it unlawful for any person to conspire to distribute a controlled substance. Subsections 841(b)(1)(A) and (B) guide the sentencing for violations involving specific amounts of controlled substances, i.e., "1 kilogram or more of a mixture or substance containing a detectable amount of heroin. . . ." 21 U.S.C. § 841(b)(1)(A)(i). Section 841(b)(1)(C), on the other hand, provides a "catch-all" for unspecified amounts of controlled substances, stating simply that "[i]n the case of a controlled substance in schedule I or II, . . . such person shall be sentenced to a term of imprisonment of not more than 20 years. . . ."

CIVIL 05-1158 (SEC)                              6
(CRIMINAL 97-0082 (SEC))

  The grand jury presented a superseding indictment stating that the defendants conspired to knowingly and intentionally possess with the intent to distribute "multi-kilogram amounts" of cocaine, heroin and marijuana, schedule I or II controlled substances. Similarly, the district court gave the jury a general instruction as to the charges against the petitioner, and the jury returned a general verdict of guilty without specifying as to the kinds or quantities of the different controlled substances. Since section 841(b)(1)(C) applies to those possessing with the intention of distributing schedule I or II controlled substances, or those conspiring to do so, there was no error in the district court sentencing petitioner to twenty years imprisonment, the maximum under the statute, regardless of whether or not the jury specified for which controlled substance they found petitioner guilty.

  The general rule, as the government points out, is that any fact that increases the maximum penalty permitted by law is an element of the offense which must be submitted to a jury and proven beyond a reasonable doubt. <u>Apprendi v. New Jersey</u>, 530 U.S. at 476. As the petitioner himself points out, the enhancements in the presentence report provided for "a guideline range of LIFE." (Docket No. 1, Attach. 1, Pet'r Mem. of Law, at 5, ¶ 3 (emphasis in original).) If petitioner's sentence had been life imprisonment then there would be basis for an <u>Apprendi</u> challenge because his sentence to life imprisonment would exceed the statutory maximum of twenty years as outlined in section 841(b)(1)(C). However, the district court limited

CIVIL 05-1158 (SEC)                                   7
(CRIMINAL 97-0082 (SEC))

petitioner's sentence to twenty years, the maximum allowed under section 841(b)(1)(C), and so there is no basis for an Apprendi challenge. Again, the government correctly points out that "Apprendi does not require that the jury determine beyond a reasonable doubt the quantity of drugs foreseeable to each defendant. Apprendi requires only that juries determine facts necessary to increase the statutory maximum." (Docket No. 7, Gov't Resp. at 6, ¶ 1) (quoting United States v. Soto-Beníquez, 356 F.3d 1, 48 (1st Cir. 2004)).

Petitioner cites cases where, in the absence of a special verdict, defendants were punished with the maximum sentence for the least-punished drug offense. However, only one of these, United States v. Melvin, 27 F.3d 710 (1st Cir. 1994), is controlling.

In Melvin, the defendant's five year sentence, the lowest possible mandatory sentence for possession of a firearm in connection with a crime of violence, was affirmed by the court. Id. at 711. The jury in that case had been presented with evidence that firearms, ranging from handguns to machine guns, had been found in a van used by defendants in an attempted robbery. Id. at 713. However, the jury had mistakenly not been instructed to specify the weapon underlying its verdict. Id. at 714. The court stated that because the sentence for possession in connection with a crime of violence can vary from five years for a handgun to thirty years for a machine gun, and the jury verdict did not specify the type of firearm, the government could not support a sentence of thirty years without the jury specifically

CIVIL 05-1158 (SEC)                                    8
(CRIMINAL 97-0082 (SEC))

identifying a machine gun or silencer as the firearm supporting the conviction. <u>Id.</u> at 715.

Petitioner's understanding of <u>Melvin</u>, however, is inaccurate. The court in <u>Melvin</u> did not affirm the defendant's sentence because it was the lowest possible, but because the statute in that case, 18 U.S.C. § 924, provided a "catch-all" subsection under which possession of any firearm would receive a five year sentence. <u>See</u> 18 U.S.C. § 924(c)(1)(A)(i). Since the jury in <u>Melvin</u> did not specify which kind of handgun defendant was guilty of possessing, but that he was in fact guilty of possessing one, the court's sentence of five years was appropriate. Similarly 21 U.S.C. § 841 provides a "catch-all" subsection to the statute. <u>See</u> 21 U.S.C. § 841(b)(1)(C). Since the jury did not specify the kind or quantities of drugs petitioner was guilty of conspiring to possess with the intent to distribute, but that he was in fact guilty of conspiring to possess with the intent to distribute heroin, cocaine or marijuana, petitioner's sentence of twenty years under section 841(b)(1)(C) is appropriate.

Petitioner has failed to establish that the district court erred in not issuing a special verdict specifying the type and quantity of drugs for which he was being convicted. Additionally, petitioner is procedurally barred from bringing this claim because he failed to object to the alleged error in a timely fashion and neither established the cause for this failure, nor established that the alleged error was prejudicial.

CIVIL 05-1158 (SEC)                              9
(CRIMINAL 97-082 (SEC))

2. Sentencing according to Blakely v. Washington

Petitioner claims the court erred in sentencing him according to the rule established in Blakely v. Washington. Petitioner claims his sentence of twenty (20) years for the drug offenses (Count I) and twenty (20) years for the money laundering offenses (Count II), to run consecutively, is more than the statutory maximum he could have received had he been sentenced on the facts as found by the jury. I disagree.

Blakely held that "the 'statutory maximum' for Apprendi purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 124 S. Ct. at 2537 (emphasis in original). In Blakely, the defendant pleaded guilty to kidnaping and the trial court imposed a sentence above the statutory maximum based on a judge's finding of "deliberate cruelty." Id. at 2534-35. The Supreme Court held that since this fact was neither found by the jury nor admitted to by the defendant, the augmented sentence was a violation of his Sixth Amendment right to a jury trial. Id. 2537-38.

Petitioner's twenty-year sentence for each count was within the statutory maximum outlined in the subsections of the relevant statutes. Title 21 U.S.C. § 841(b)(1)(C), under which petitioner is sentenced for the drug offenses (Count I) provides for a maximum sentence of twenty years for conspiring to knowingly possess with intent to distribute a schedule I or II controlled substance. Title 18

CIVIL 05-1158 (SEC)                              10
(CRIMINAL 97-082 (SEC))

U.S.C. § 1956(a)(1), under which petitioner was sentenced for the money laundering offenses (Count II), provides for a maximum of twenty years for knowingly conducting or attempting to conduct a financial transaction with the intent of promoting or concealing an unlawful activity. Although the presentence report may have recommended sentence enhancements for, among other things, petitioner's leadership role and obstruction of justice, the sentence based on those recommendations did not exceed the statutory maximums. That the judge may have used the information in the presentence report to impose the full statutory maximum is not in violation of the rule established in <u>Blakely</u> or <u>Apprendi</u>. The sentence imposed by the district court is clearly within the statutory maximum and reflects the facts found by the jury as required by <u>Blakely</u>.

Petitioner has failed to establish that the district court erred in applying the rule established in <u>Blakely</u>. Additionally, petitioner is procedurally barred from bringing this claim because he failed to object to the alleged error in a timely fashion and neither established the cause for this failure, nor established that the alleged error was prejudicial.

3. Specific Findings as to the Amount of Drugs Attributable to Petitioner

Petitioner claims the district court erred in imposing a sentence as to Count I without first making specific findings that he was personally accountable for any particular quantity of drug. I disagree.

CIVIL 05-1158 (SEC)                                   11
(CRIMINAL 97-082 (SEC))

The general rule is that the jury is allowed to make a finding as to the drug quantities attributable to the conspiracy as a whole, and the district court is allowed to make individualized determinations for each co-conspirator for sentencing purposes. United States v. Vega, 398 F.3d 149, 151 (1st Cir. 2005) (petition for certiorari filed (May 25, 2005) (NO. 04-10671)) (citing Derman v. United States, 298 F.3d at 42-43). "Apprendi does not require that the jury determine beyond a reasonable doubt the quantity of drugs foreseeable to each defendant. Apprendi requires only that juries determine facts necessary to increase the statutory maximum. . . . [T]he conspiracy-wide drug quantity determines the statutory maximum. As long as the sentence falls within this statutory maximum, the district court may determine the quantity of drugs reasonably foreseeable to each defendant by a preponderance of the evidence and sentence each defendant accordingly." United States v. Soto-Beníquez, 356 F.3d at 48 (citations omitted).

Petitioner proposes Derman v. United States; United States v. Colón-Solís, 354 F.3d 101 (1st Cir. 2004); United States v. Bradley, 917 F.2d 601 (1st Cir. 1990), for a rule to the contrary. However, these cases all clearly stand for the proposition that the jury is to find the amount attributable to the conspiracy, and while the entire amount may not be attributed to the petitioner, the court may make a finding as to the amount attributable to the petitioner by the preponderance of the evidence. See Derman v. United States, 298 F.3d at 43 ("the government need only allege and prove to the jury the bare facts necessary to increase the statutory sentencing

CIVIL 05-1158 (SEC)                                    12
(CRIMINAL 97-082 (SEC))

maximum for the conspiracy as a whole" (emphasis in original)); United States v. Colón-Solís, 354 F.3d at 103 ("to apply the mandatory minimum to a particular coconspirator, the sentencing court must make a specific finding, supportable by a preponderance of the evidence"); United States v. Bradley, 917 F.2d at 604 (explaining that "quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part" of a conspiracy).

The sentencing court's finding that one-hundred fifty (150) kilograms of cocaine, out of hundreds of kilograms of cocaine, heroin and marijuana, could be attributable to petitioner was appropriate. The presentence report noted that the amount was attributable to petitioner. The court did not attribute to petitioner the entire amount attributable to the conspiracy. That the jury made no determination as to specific quantities or types of drugs in its general verdict is irrelevant because petitioner was sentenced within the statutory maximum designated by the jury verdict.

In short, there was no Apprendi error in the trial court's failure to have the jury determine the drug quantities and types individually attributable to petitioner.

As an aside, given the focus of petitioner's attack, and generously assuming a veiled attempt to criticize the actions of his trial defense counsel, it is clear that petitioner's attorney's performance was more than adequate in a Sixth Amendment

CIVIL 05-1158 (SEC)                                   13
(CRIMINAL 97-082 (SEC))

sense. Counsel made numerous objections to the sentencing calculations and reasoning of the sentencing court and was overruled at each attempt.

## CONCLUSION

In view of the above, it is my recommendation that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be DENIED.

Petitioner's claims are procedurally barred. In every instance petitioner failed to advance a timely objection to any possible trial court error and provided no reasoning as to the cause of his failure to do so or to any actual prejudice resulting from such omission. Moreover, petitioner has neither made a claim of ineffective assistance of counsel nor satisfied the burden accompanying such a claim. The use of collateral review of sentencing issues is very limited and is not appropriate in this case. See Cirilo-Muñoz v. United States, 404 F.3d at 532.

Additionally, petitioner's claims that the district court erred in imposing his sentence in accordance with the rule set out in Apprendi is without merit. First, the district court did not err in its failure to issue a special verdict on the quantity and type of drugs because 21 U.S.C. § 841(b)(1)(C) does not require such specifics. Second, the court did not err in sentencing petitioner according to the rule set out in Blakely because no facts found by a preponderance of the evidence were used to impose a sentence exceeding the statutory maximum of twenty years prescribed by either 21 U.S.C. § 841(b)(1)(C) or 18 U.S.C. § 1956(a). Finally, the court did not err in making specific findings of the drug amounts attributable to petitioner

CIVIL 05-1158 (SEC)                              14
(CRIMINAL 97-082 (SEC))

because these findings were not used to increase his sentence beyond the statutory maximum.

Under the provisions of Rule 72(d), Local Rules District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F. 2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980)

At San Juan, Puerto Rico, this 4rd day of October, 2005.


S/ JUSTO ARENAS
Chief United States Magistrate Judge