IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL GARCIA-TORRES

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondent.

Civil No. 05-1158 (SEC)

**OPINION & ORDER**

Before the Court are Manuel Garcia-Torres' objections to a Magistrate Judge Report and Recommendation ("R & R") denying his *habeas corpus* petition. Docket No. 20. After reviewing the record and the applicable law, Garcia-Torres' objections are **DENIED**.

**Background**

In December 1997, a grand jury sitting in the District of Puerto Rico returned a superceding indictment charging, among other things, that from 1994 to 1997 Garcia-Torres and over seventy other individuals participated in a conspiracy to distribute illegal narcotics in violation of federal law. The indictment also charged Garcia-Torres, and 29 others, with knowingly participating in a conspiracy which involved the laundering of money also in violation of federal law. Garcia-Torres was convicted following a jury trial that lasted over forty days, and, for each count, he was sentenced to the statutory maximum term of imprisonment of 20 years, to be served consecutively. The conviction was affirmed on appeal. United States v. Garcia-Torres, 341 F.3d 61 (1st Cir. 2003), cert. denied, 540 U.S. 1201 (2004).[1]

---

[1] The Circuit Court described the conspiracy as follows:

> All of the appellants in this case allegedly participated in an extensive drug importation and distribution ring headed by Angela Ayala-Martínez ("Ayala"). Through contacts in Colombia, Ayala would arrange for large quantities of drugs to be air-dropped into the ocean off the coast of Puerto Rico. She would then send

**Case No. 05-1158(SEC)** 2

On February 9, 2005, Garcia-Torres filed a *habeas corpus* petition under 28 U.S.C. § 2255, seeking to vacate his jury trial conviction. Docket No. 1. The Court referred the petition to a Magistrate Judge (Docket No. 8), who issued an R & R denying it (Docket No. 11). On October 25, 2005, the Court adopted the R & R as unopposed and dismissed Garcia-Torres' petition. Dockets No. 12-13. Two weeks later, Garcia-Torres filed a motion for reconsideration, moving the Court to set aside its order dismissing the case because the R & R had not been sent to him. Docket No. 15. The Court granted Garcia-Torres' motion and reopened the case. Docket No. 18.

In his § 2255 petition, Garcia-Torres argues that the Court erred in (1) imposing the statutory maximum sentence without making a specific finding that he was accountable for a particular quantity or kind of drug (Docket No. 1-2, at p. 8); (2) sentencing him in violation of the rule established in Blakely v. Washington, 542 U.S. 296 (2004) (Id. at p. 11); and (3) failing to make specific findings as to the amount of drugs attributable to him (Id. at p. 20). The R & R addressed and rejected each of these arguments. Docket No. 11.

As to Garcia-Torres' first argument, the R & R established that the statute under which Garcia-Torres was sentenced did not require a specific verdict as to quantity and kind of drug. Concerning the second argument, the R & R stated that Blakely was inapplicable to the case

---

several of her associates-including Manuel Pérez-Colón ("Pérez-Colón") and appellants Andrés García-Torres ("Andrés") and Deri Ventura-García ("Ventura")-to recover the drugs from the ocean. The drugs would then be stored by members of Ayala's organization and "decked" (i.e., prepared for distribution) by Ayala's confederates-including appellants Walter Batíz-Rivera ("Batíz"), Ventura, Andrés, and Andrés's brother, appellant Angel Manuel García-Torres ("Manuel"). The drugs were then distributed by these persons and others to places Puerto Rico and elsewhere in the United States.

Id. at 64. Multiple murders and acts of violence occurred as part of the conspiracy. Id.; see also United States v. Garcia-Torres, 280 F.3d 1 (1st Cir. 2002); United States v. Martinez-Medina, 279 F.3d 105 (1st Cir. 2002).

**Case No. 05-1158(SEC)** 3

"because no facts found by a preponderance of the evidence were used to impose a sentence exceeding the statutory maximum...." Id. at 13.[2] Finally, the R & R rejected Garcia-Torres' third argument, stating that under United States v. Vega, 398 F.3d 149, 151 (1st Cir. 2005) a jury is allowed to make a finding as to drug quantities attributable to a conspiracy as a whole, and the district court is allowed to make individualized determinations base on the preponderance of the evidence as to each co-conspirator for sentencing purposes. Id. at 13-14.

Garcia-Torres' objections followed. Docket No. 20. There, he claims that the R & R failed to consider U.S. v. Booker, 543 U.S. 220 (2005), and argues, for the first time, that his lawyer was ineffective at trial as well as on appeal for not contesting the Court's reliance on the 2001 federal sentencing guidelines, rather than those applicable in 1998 when the crimes occurred. Id. at pgs 4-9.

**Standard of Review**

*Objections to R & R*

An adversely affected party may contest a magistrate's report and recommendation through written objections. Santiago v. GMD Airline Servs., Inc., 681 F. Supp. 2d 120, 123 (D.P.R. 2010) (citing Local Rule 72(b) &72(d)). The court shall then make a *de novo* determination of those portions of the report to which objections are filed. Id. In so doing, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. Id.; see also 28 U.S.C. § 636(b)(1). Since Garcia-Torres filed an opposition to the R & R, the Court will review *de novo* those portions which he opposed.

---

[2] The R & R also noted that Garcia-Torres' first two arguments were procedurally barred because he had failed to raise them on appeal, and that he had also failed to establish the cause for this failure or the prejudice it caused him. Id. at pgs. 5-8.

**Case No. 05-1158(SEC)** 4

**Analysis and Conclusion**

Upon *de novo* review, the Court finds no merits on Garcia-Torres' § 2255 petition or on his objections to the R & R. As the R & R correctly states, Garcia-Torres' first claim is based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In this case, however, Apprendi is inapplicable because Garcia-Torres' sentences for counts I and II fell within statutory maximums. See, respectively, 21 U.S.C. § 841 (b)(1)(C) and 18 U.S.C. § 1956(a)(1). The same holds true as to Garcia-Torres' Blakely argument, since a sentence exceeding the statutory maximum is also necessary for this case's ruling to come into play. 542 U.S. at 304-05. Finally, the Court notes that the R & R's rejection of Garcia-Torres' third argument is based on a well-settled legal rule. See e.g., Vega, 398 F.3d 151; Derman v. United States, 298 F.3d 34, 43 (1st Cir. 2002) ("the government need only allege and prove to the jury the bare facts necessary to increase the statutory sentencing maximum for the conspiracy as a whole...."); United States v. Bradley, 917 F.2d 601, 604 (explaining that "quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part" of a conspiracy).

Garcia-Torres' objections to the R & R also lack merits. Booker postdates this Court's sentencing by at least four years and its affirmance by almost a year; thus, it is inapplicable to the case. In any event, Booker applies when sentencing guidelines are treated as *mandatory* to increase the applicable sentencing range. Booker, 543 U.S. 243-44. In this case, Garcia-Torres was sentenced to 40 years of imprisonment for both counts, even though the federal guidelines provided for a range of life imprisonment for each. See Docket No. 20, p. 3. Therefore, Booker is also inapplicable because, in imposing sentences lower than those mandated by the federal guidelines, the Court treated the guidelines as advisory. Lastly, as the R & R states, Garcia-Torres' lawyer raised many objections to the Court's sentencing, but the

**Case No. 05-1158(SEC)**                                                                                              5

Court denied them all. Docket No. 11, p. 13. Accordingly, Garcia-Torres cannot blame his fortunes on his lawyer.

In sum, the R & R presented a thorough, well-reasoned and well-supported analysis of Garcia-Torres' claims, and this Court fully concurs with such analysis. Accordingly, the Court **ADOPTS** the R & R and **DENIES** Garcia-Torres' § 2255 petition.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 23rd day of March, 2011.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge